Filed 2/5/15  P. v. Stewart CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B257751 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A780300) |
| v. | |
| RONNIE A. STEWART, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County,

William C. Ryan, Judge.  Affirmed.

California Appellate Project, John L. Staley, under appointment by the Court of

Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Ronnie Stewart appeals from an order granting in part, and denying in part, his request to vacate his criminal conviction and correct the abstract of judgment. We affirm the order.

## BACKGROUND

In 1987, defendant was convicted by a jury of eight counts of forcible oral copulation in violation of Penal Code[1] section 288a, subdivision (c), one count of forcible rape in violation of section 261, subdivision (2), and one count of sexual battery in violation of section 243.4.[2] The charged weapons sentence enhancements under section 12022.3 were found to be true. Defendant was sentenced to 22 years in state prison. The judgment of conviction was affirmed on appeal in 1989. Defendant asserts he was released from prison in 1998.

Defendant filed several habeas corpus petitions in 2007 and 2008 which alleged, among other things, he was labeled a "child molester" although his crimes had nothing to do with children. These petitions were denied by the trial court.

However, at defendant's request, in March 2010 the court ordered that the abstract of judgment be amended to delete the words "under 14" from the judgment. In addition, the court requested that the Department of Justice omit "all references to oral copulation with a child under 14 from the CII rap sheet." The court made a similar order in July 2013.

In January 2013, the court denied defendant's most recent petition which alleged he was entitled to a new trial based on "triple jeopardy." The court explained that the judgment had been previously corrected, defendant's claims were "untimely, successive and duplicative," and some of the claims should have been raised on direct appeal.

On April 16, 2014, defendant filed a three-page handwritten document titled "Motion to Vacate the P.C. 288A(c) Counts Against 20 Year Old [M. G.]" On June 5,

---

[1] All further statutory references are to the Penal Code.

[2] The Information filed in 1986 also contained an additional count under section 220.

2014, defendant filed a four-page untitled and handwritten document. Also on June 5, 2014, defendant filed a one-page handwritten document titled "Coram Nobis Amendment to Motion to Vacate Filed on 4-16-2014."

On July 8, 2014, the court filed a minute order which granted in part, and denied in part, defendant's " 'motion to vacate the P.C. 288A(C) [sic] counts against 20 year old [M. G'].' " The court noted that rather than vacating his conviction, defendant "asks the Court to modify his abstract of judgment" to reflect that for one of the counts he was actually convicted of a misdemeanor. The court granted defendant's motion insofar as it issued a new amended abstract of judgment and transmitted a corrected adult disposition of arrest and court action to the Department of Justice. Apparently, although previously ordered by the court in 2010 and 2013, the amended and corrected abstract of judgment had not been issued by the clerk. Otherwise, the court denied defendant's motion to vacate.

On July 15, 2014, defendant appealed the court's July 8, 2014 order.

## DISCUSSION

On September 26, 2014, defendant's appointed counsel filed a brief in which no issues were raised. (*People v. Wende* (1979) 25 Cal.3d 436.) By notice also filed on September 26, 2014, the clerk of this court advised defendant to submit within 30 days any contentions or arguments he wished this court to consider. After being granted an extension within which to file it, on November 25, 2014 defendant filed a supplemental brief. Although some of defendant's arguments are difficult to decipher, he appears to contend that he was improperly charged and convicted of having sex with a child under 14. Defendant also appears to challenge the sufficiency of the evidence in connection with his 1987 conviction.

As a preliminary matter, we note that defendant's underlying 1987 conviction is not properly at issue in this appeal. As discussed above, defendant's conviction was affirmed on appeal in 1989. Thus, to the extent defendant challenges the 1987 trial proceedings or the sufficiency of the evidence, those challenges are barred. " 'Finality is attributed to an initial appellate ruling so as to avoid the further reversal and

3

proceedings on remand that would result if the initial ruling were not adhered to in a later appellate proceeding.' [Citation.]" (*People v. Stanley* (1995) 10 Cal.4th 764, 786-787.) Further, to the extent defendant challenges the denial of his post-conviction habeas petitions, those denials are not the subject of this appeal. (See *In re Waltreus* (1965) 62 Cal.2d 218, 225 [habeas corpus ordinarily cannot serve as a second appeal].)

Defendant's arguments that he was improperly convicted of duplicative charges since section 288a, subdivision (c) prohibited both oral copulation with a victim under 14 and forcible oral copulation, and that incorrect charges of oral copulation with a victim under 14 appear on his criminal rap sheet, are without merit. As noted by the trial court in its July 8, 2014 ruling, and acknowledged by defendant in his supplemental brief on appeal, defendant's criminal record was corrected in 2010 and again in 2013 to reflect that he was only charged and convicted of forcible oral copulation, not oral copulation with a victim under 14. The court also noted that this error occurred because at the time of his conviction, section 288a, subdivision (c) included both oral copulation with a victim under 14 and forcible oral copulation. To the extent the court failed to issue an amended of abstract of judgment in 2010 or 2013, this problem was resolved in 2014. As such, the appeal on this basis is moot.

After examining the entire record we are satisfied that no arguable issues exist, and that defendant has received adequate and effective appellate review of the court's July 8, 2014 order. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Wende, supra,* 25 Cal.3d at p. 443.)

4

## DISPOSITION

The order is affirmed.

***NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS***

LAVIN, J.[*]

WE CONCUR:

EDMON, P. J.

ALDRICH, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.